# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: February 12, 2024

* * * * * * * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| GRACIE CLEMENTS, *on behalf of her minor son, P.A.C.*, | * * * | No. 23-751V |
| Petitioner, | * | Special Master Sanders |
| v. | * * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | |
| Respondent. | * * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

*Milton C. Ragsdale, IV*, Ragsdale, LLC, Birmingham, AL, for Petitioner.
*Zoe Wade*, U.S. Department of Justice, Washington, DC, for Respondent.

## RULING ON ENTITLEMENT[1]

On May 23, 2023, Gracie Clements ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] ("Vaccine Program" or "Program") on behalf of her minor child, P.A.C. 42 U.S.C. § 300aa-10 to 34 (2012); Pet., ECF No. 1. Petitioner alleged that a human papillomavirus ("HPV") vaccine administered on March 1, 2022, caused P.A.C. to suffer from osteomyelitis. *See* Pet. ¶¶ 3, 13–14.

On February 2, 2024, Respondent filed his report pursuant to Vaccine Rule 4(c). Resp't's Report, ECF No. 16. Respondent stated that "P.A.C. developed left shoulder osteomyelitis, which was more likely than not caused by administration of an HPV vaccine at the same location." *Id.* at 5. Respondent continued that "[n]o other causes for P.A.C.'s osteomyelitis have been identified[]" and that "[P]etitioner has satisfied the statutory requirement that P.A.C.'s injury lasted for at least

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755 ("the Vaccine Act" or "Act"). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

six months[] . . . ." *Id.* Respondent concluded that "[P]etitioner has satisfied all legal prerequisites for compensation under the Act." *Id.* Respondent noted that "[t]he scope of damages to be awarded is limited to osteomyelitis of P.A.C.'s left shoulder and its related sequelae only." *Id.*

      A special master may determine whether a petitioner is entitled to compensation based upon the record. A hearing is not required. § 300aa-13; Vaccine Rule 8(d). In light of Respondent's concession and a review of the record, I find that Petitioner is entitled to compensation. This matter shall now proceed to the damages phase.

      **IT IS SO ORDERED.**

s/Herbrina D. Sanders  
Herbrina D. Sanders  
Special Master