# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: June 27, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| GRACIE CLEMENTS *on behalf of her minor child P.A.C.*, | * * * | No. 23-751V |
| Petitioner, | * * | Special Master Sanders |
| v. | * * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

*Milton C. Ragsdale, IV,* Ragsdale LLC, Birmingham, AL for Petitioner.
*Zoe Wade*, United States Department of Justice, Washington, D.C., for Respondent.

## DECISION AWARDING DAMAGES[1]

On May 23, 2023, Gracie Clements ("Petitioner") filed a petition on behalf of her minor child, P.A.C., for compensation under the National Vaccine Injury Compensation Program ("the Program").[2] Pet. at 1. Petitioner alleged that a human papillomavirus ("HPV") vaccination administered on March 1, 2022 caused P.A.C. to suffer from osteomyelitis. *Id.* On February 12, 2024, the undersigned ruled that Petitioner is entitled to compensation for P.A.C.'s injury. Ruling on Entitlement, ECF No. 17.

On June 24, 2024, Respondent filed Respondent's Proffer on Award of Compensation ("Proffer"), attached hereto as Appendix A. Proffer, ECF No. 25. Based on the record as a whole, the undersigned finds the Proffer reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

---

[1] Because this unpublished decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act," "the Act," or the "program").

Pursuant to the terms stated in the Proffer, attached as Appendix A, the undersigned awards Petitioner:

(1) A lump sum payment of **$140,000**, in the form of a check payable to Petitioner as guardian/conservator of P.A.C., for the benefit of P.A.C. No payments shall be made until Petitioner provides Respondent with documentation establishing that she has been appointed as the guardian/conservator of P.A.C.'s estate. If Petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of P.A.C., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of P.A.C. upon submission of written documentation of such appointment to the Secretary. Petitioner agrees P.A.C. is a minor child. Petitioner must file evidence of guardianship.

(2) A lump sum of **$377.32**, representing compensation for past unreimbursable expenses, in the form of a check payable to Petitioner.

(3) A lump sum payment of **$20,355.60**, representing compensation for satisfaction of an HMS of Alabama Medicaid lien, in the form of a check jointly payable to Petitioner and to:

> Alabama Medicaid Subrogation Unit
> 301 Technacenter Drive
> Montgomery, AL 36117
> Case No.: 225082

Petitioner agrees to endorse the payment to HMS of Alabama.

The undersigned approves the requested amount for Petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders<br>
Herbrina D. Sanders<br>
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| GRACIE CLEMENTS, on behalf of her minor child, P.A.C., <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 23-751V <br> Special Master Sanders <br> ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On May 23, 2023, Gracie Clements ("petitioner") filed a petition on behalf of her minor child, P.A.C., for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that P.A.C., suffered osteomyelitis that was caused in fact by the administration of a human papillomavirus vaccine he received on March 1, 2022.  Petition at 1, 3.  On February 2, 2024, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act, and on February 12, 2024, the Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation for P.A.C.'s injury.  ECF No. 16; ECF No. 17.

**I.      Items of Compensation**

   A.    Pain and Suffering

Respondent proffers that petitioner, for the benefit of P.A.C., should be awarded $140,00.00 in pain and suffering.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

B.     Past Unreimbursable Expenses

Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $377.32.  Petitioner agrees.

C.     Health Management Systems of Alabama Medicaid Lien

Respondent proffers that petitioner should be awarded funds to satisfy a Health Management Systems ("HMS") of Alabama Medicaid Lien in the amount of $20,355.60, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action may have against any individual as a result of any Medicaid payments that HMS of Alabama has made to or on behalf of P.A.C. from the date of his eligibility for benefits through the date of judgment in this case as a result of his vaccine-related injury suffered on or about March 1, 2022, under Title XIX of the Social Security Act.  Petitioner agrees.

These amounts represent all elements of compensation to which petitioner, on P.A.C.'s behalf, is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

II.     **Form of the Award**

The parties recommend that the compensation provided to petitioner for P.A.C. should be made through a combination of lump sum payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[1]

**A.** A lump sum payment of $140,000.00 in the form of a check payable to petitioner as guardian/conservator of P.A.C., for the benefit of P.A.C.  No payments shall be made

---

[1] Should P.A.C. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, lost future earnings, and future pain and suffering.

2

until petitioner provides respondent with documentation establishing that she has been appointed as the guardian/conservator of P.A.C.'s estate.  If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of P.A.C., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of P.A.C. upon submission of written documentation of such appointment to the Secretary.  Petitioner agrees P.A.C. is a minor child.  Petitioner must file evidence of guardianship.

**B.** A lump sum payment of $377.32, representing compensation for past unreimbursable expenses, in the form of a check payable to petitioner.

**C.** A lump sum payment of $20,355.60, representing compensation for satisfaction of an HMS of Alabama Medicaid lien, payable jointly to petitioner and

> Alabama Medicaid Subrogation Unit
> 301 Technacenter Drive
> Montgomery, AL 36117
> Case No.: 225082

Petitioner agrees to endorse this payment to HMS of Alabama.

Summary of Recommended Payments Following Judgment

| | | |
|---|---|---|
| **A.** | Lump sum payable to petitioner as guardian/conservator of the estate of P.A.C. for the benefit of P.A.C.: | **$140,000.00** |
| **B.** | Past unreimbursable expenses payable to petitioner: | **$377.32** |
| **C.** | Medicaid lien: | **$20,355.60** |

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

/s/ *Zoë R. Wade*
ZOË R. WADE
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Ben Franklin Station
Washington, DC 20044-0146
Tel.: (202) 616-4118
zoe.wade@usdoj.gov

Date:  June 24, 2024

4